UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| KIPP SMILEY AND AARON SAPP,<br>Individually and on behalf of<br>all others similarly situated<br><br>　　　Plaintiffs,<br><br>v.<br><br><br>ROC SERVICE COMPANY, LLC<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Docket No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

### I.　SUMMARY

1.　Kipp Smiley and Aaron Sapp ("Plaintiffs"), individually and on behalf of all others similarly situated, brings this collective action to recover unpaid overtime wages and other damages under the Fair Labor Standards Act ("FLSA") against ROC Service Company, LLC ("ROC" or "Defendant"). 29 U.S.C. § 216(b). Plaintiffs and the other workers like them typically worked in excess of 84 hours a week; however, these workers never received overtime compensation. Instead of paying overtime as required by the FLSA, Defendant paid these workers a salary with a per diem and day bonus. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.　JURISDICTION AND VENUE

2.　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiffs Kipp Smiley, Aaron Sapp, and other Putative Class Members reside in and/or worked in the Western District of Pennsylvania, Pittsburgh Division, during the statutory time period.

5. Defendant conducts substantial business operations within the Western District of Pennsylvania, Pittsburgh Division.

### III. THE PARTIES

6. Plaintiffs Kipp Smiley and Aaron Sapp worked for Defendant as a Flowback Hands during the relevant statutory time period. Throughout their employment with ROC, Plaintiffs were paid a salary with a per diem and day bonus even though he regularly worked in excess of forty (40) hours each week.  Plaintiffs consents to be a party plaintiffs are attached as Exhibits A and B.

7. Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were improperly paid a salary with a per diem and day bonus without overtime compensation for hours that they worked in excess of forty (40) hours in a workweek.  The class of similarly situated employees ("Putative Class Members") consists of:

> **ALL CURRENT AND FORMER EMPLOYEES OF ROC SERVICE COMPANY, LLC EMPLOYED DURING THE PAST THREE (3) YEARS WHO RECEIVED A SALARY WITHOUT OVERTIME COMPENSATION.**

The Putative Class Members live and work in the Western District of Pennsylvania, Pittsburgh Division and elsewhere within Oklahoma, Texas, and the United States. As such, this is a nationwide collective action.

8. Defendant ROC Service Company, LLC is a Texas Corporation with offices in Eighty Four, Pennsylvania, and conducting business within the Western District of Pennsylvania, Pittsburgh Division. ROC Service Company, LLC may be served by serving its registered agent

for service of process, Mike Richey, 2928 FM 2123 Paradise, Texas 76073.

## IV. COVERAGE UNDER THE FLSA

9. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

## V. FACTS

13. ROC is an oilfield services company proving well related services to oil companies and operators. ROC maintains significant operations throughout Pennsylvania and the rest of the United States. *See generally* http://rocserviceco.com/locations.php.

14. Plaintiff and the Putative Class Members worked for ROC as salaried employees. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

15. For example, Plaintiffs were employed by ROC as Flowback Hands during the statutory time period and were paid on a salary basis. In this regard, their primary job duties included performing daily checklists, assisting with the preparation of equipment, and preforming well testing related functions on various job sites. ROC typically required Plaintiffs to work at least 84 hours a week.

16. The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or the operator Defendant contracted with. Virtually every job function was pre-determined by Defendant and/or the operator Defendant contracted with, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring little to no official training, much less a college education or other advanced degree. The Putative Class Members did not have any supervisory or management duties. Finally, for the purposes of an FLSA overtime claim, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.

17. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work eighty-four (84) hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a salary with a per diem and day bonus. Defendant denied the Putative Class Members overtime for any and all hours worked in excess of forty (40) hours in a single workweek. As the controlling law makes clear, the

manual labor/technical duties which were performed by the Putative Class Members consist of *non*-exempt work. Therefore, Defendant owes back overtime wages to the Putative Class Members, all of whom work long hours each workweek well in excess of forty (40) hours.

### VI.   FLSA VIOLATIONS

18.   As set forth herein, Defendant has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

19.   Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Defendant's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.  Accordingly, Plaintiffs and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII.   COLLECTIVE ACTION ALLEGATIONS

20.   Numerous employees have been victimized by this pattern, practice, and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from their observations and discussions with these employees, Plaintiffs are aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

21.  The Putative Class Members all received a salary, per diem, and day bonuses; regularly worked in excess of forty (40) hours per week; and were not paid overtime compensation. These employees are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

22.  Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

23.  The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII.   JURY DEMAND

24.  Plaintiffs demand a trial by jury.

### IX.   RELIEF SOUGHT

25.  WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

   a.  For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

b. For an Order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiffs unpaid benefits and compensation in connection with the FLSA violations;

e. For an Order awarding Plaintiffs (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law;

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Joshua P. Geist*
Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Michael A. Josephson
Pennsylvania Bar No. 308410
Fed. Id. 27157
Texas Bar No. 24014780
*(pending pro hac vice)*
Andrew Dunlap
Fed Id. 1093163
Texas Bar No. 24078444
*(pending pro hac vice)*

Lindsay R. Itkin
Fed Id. 1458866
Texas Bar No. 24068647
*(pending pro hac vice)*
**FIBICH, LEEBRON, COPELAND BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. 21615
*(pending pro hac vice)*
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**