UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| KIPP SMILEY AND AARON SAPP, | § | |
| Individually and on behalf of | § | |
| all others similarly situated | § | |
| | § | DOCKET NO. 2:14-cv-01539 |
| Plaintiffs, | § | |
| | § | JURY TRIAL DEMANDED |
| v. | § | |
| | § | CLASS AND COLLECTIVE ACTION |
| | § | |
| ROC SERVICE COMPANY, LLC | § | |
| | § | |
| Defendant. | § | |

## FIRST AMENDED CLASS & COLLECTIVE ACTION COMPLAINT

1.      Kipp Smiley ("Smiley") and Aaron Sapp ("Sapp") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this class and collective action against ROC Service Company, LLC ("ROC" or "Defendant") to recover unpaid overtime wages and other damages owed under the Pennsylvania Minimum Wage Act ("PMWA") and Fair Labor Standards Act ("FLSA").

2.      Plaintiffs and the other workers like them typically worked in excess of 84 hours a week, but ROC did not pay them overtime. Instead, ROC paid these workers a salary and/or daily rate. This class and collective action seeks to recover the unpaid overtime and other damages owed to these workers.

### JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.      Plaintiffs and other similarly situated workers reside in and/or worked in the Western District of Pennsylvania, Pittsburgh Division, during the statutory time period.

6.      Defendant conducts substantial business operations within the Western District of Pennsylvania, Pittsburgh Division.

## PARTIES

7.      Smiley worked for ROC as a flowback employee during the relevant statutory time period.

8.      Sapp worked for ROC as a Flowback employee during the relevant statutory time period.

9.      Throughout his employment with ROC, Plaintiffs were paid a salary and/or day-rate even though they regularly worked in excess of forty (40) hours each week.

10.     Plaintiffs' consents to be a party plaintiffs are on file with the Court.

11.     Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were improperly paid a salary and/or day-rate but without overtime compensation for hours that they worked in excess of forty (40) hours in a workweek.

12.     The class of similarly situated employees ("Putative Class Members") consists of:

> **All current and former employees of ROC employed during the past three (3) years who received a salary and/or day rate without overtime compensation.**

13.     Many Putative Class Members work in Pennsylvania, but also work elsewhere, such Texas. As such, this is a nationwide hybrid class and collective action.

14.     ROC has been served with this lawsuit and answered herein.

**COVERAGE UNDER THE FLSA**

15.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18.     At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

19.     ROC is an oilfield services company proving well related services to oil companies and operators.  ROC maintains significant operations throughout Pennsylvania and the rest of the United States. *See generally* http://rocserviceco.com/locations.php.

20.     Plaintiffs and the Putative Class Members worked for ROC as salaried and/or day rate employees. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

21.     For example, Plaintiffs were employed by ROC to perform technical and manual labor in the oilfield working with flowback equipment during the statutory time period.  In this regard, their primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing well testing and monitoring functions on various well pads.  ROC typically required Plaintiffs to work at least 84 hours a week.

22.     The daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by Defendant and/or the operator Defendant contracted with. Virtually every job function was pre-determined by Defendant and/or the operator Defendant contracted with, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters. Moreover, the job functions of the Putative Class Members were primarily technical and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.  The Putative Class Members did not have any supervisory or management duties.

23.     Finally, for the purposes of these overtime claims, the Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field regardless of various job titles, sub-groups, locations of work, and rates of pay.

24.     The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice. The Putative Class Members were generally scheduled to work eighty-four (84) hours per workweek, but often worked more. Instead of paying them overtime, Defendant paid the Putative Class Members a salary and/or day rate.

Defendant denied the Putative Class Members overtime for any and all hours worked in excess of forty (40) hours in a single workweek.

25.     As the controlling law makes clear, the technical and manual labor oilfield related duties, which were performed by the Putative Class Members, is *non*-exempt work. Therefore, Defendant owes back overtime wages to the Putative Class Members, all of whom work long hours each workweek well in excess of forty (40) hours.

## CLASS & COLLECTIVE ACTION ALLEGATIONS

26.     Over one hundred (100) employees have been victimized by this pattern, practice, and policy which are in willful violation of the PMWA and FLSA.

27.     Numerous other employees who worked with Plaintiffs have joined this lawsuit, indicating they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

28.     Based on their experiences and tenure with ROC, Plaintiffs are aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members.

29.     The Putative Class Members all received a day-rate, regularly worked in excess of forty (40) hours per week, and were not paid overtime compensation.

30.     These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiffs in terms of relevant job duties, pay provisions, and employment practices.

31.     Defendant's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members.

32.     Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

33.     The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

34.     All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per week.

35.     Plaintiffs have no interests contrary to, or in conflict with, the members of the classes. Like each member of the proposed classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

36.     A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

37.     Absent this action, many members of Putative Class Members likely will not obtain redress of their injuries and ROC will reap the unjust benefits of violating the FLSA and applicable state labor laws.

38.     Furthermore, even if some of the Putative Class Members could afford individual litigation against ROC, it would be unduly burdensome to the judicial system.

39.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

40.     The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether ROC employed members of the Putative Class Members within the meaning of the applicable state and federal statutes, including the PMWA and FLSA;

(b) Whether the Putative Class Members were improperly classified by ROC as exempt from overtime compensation;

(c) Whether ROC's decision to classify the Putative Class Members as exempt was made in good faith;

(d) Whether ROC's violation of the FLSA and/or PMWA was willful; and

(e) Whether ROC failed to pay Plaintiffs and the Putative Class Members overtime pay due to them by virtue of their uniform designation as exempt.

41.     Plaintiffs' claims are typical of the claims of members of the classes. Plaintiffs, the Putative Class Members with FLSA claims, and the Putative Class Members with Pennsylvania state law claims, have sustained damages arising out of ROC's illegal and uniform employment policy.

42.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

43.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

**CAUSES OF ACTION**

**First Cause of Action: Violation of the FLSA**

44.     At all relevant times, ROC has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

45.     ROC employed Plaintiffs and each member of the FLSA Class.

46.     During the limitations period, ROC had a policy and practice of refusing to pay the Putative Class Members overtime for hours worked in excess of 40 per week.

47.     ROC's failure to pay Plaintiffs and the Putative Class Members overtime at rates not less than one and one-half times their regular rates is a violation of 29 U.S.C. § 207.

48.   The foregoing conduct constitutes a willful violation of the FLSA. Due to ROC's FLSA violations, Plaintiffs and the Putative Class Members with FLSA claims are entitled to recover from ROC their unpaid overtime compensation, an amount equal to their unpaid overtime compensation as liquidated damages, reasonable attorneys' fees, costs, and expenses of this action.

**Second Cause of Action: Violation of Pennsylvania Laws**

49.     The conduct alleged violates the Pennsylvania Minimum Wage Act (PMWA) (43 Pa. Stat. Ann. § 333.104).

50.     At all relevant times, ROC was subject to the requirements of the PMWA.

51.     At all relevant times, ROC employed Plaintiffs, and each Putative Class Member with Pennsylvania state law claims, as an "employee" within the meaning of the PMWA.

52.     The PMWA require an employer like ROC to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 hours in any one week. Plaintiffs and each Putative Class Member with Pennsylvania state law claims is entitled to overtime pay under the PMWA.

53.     But ROC had a policy and practice of failing to pay overtime to Plaintiffs and each Putative Class Member with Pennsylvania state law claims for hours worked in excess of 40 hours per workweek.

54.     Plaintiffs and each Putative Class Member with Pennsylvania state law claims seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

55.     Plaintiffs and each Putative Class Member with Pennsylvania state law claims also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by ROC, as provided by the PMWA.

## JURY DEMAND

56.     Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs pray for judgment against ROC as follows:

   a.  For an Order certifying class action(s) under Rule 23 for the purposes of the claims under Pennsylvania law;

   b.  For an Order certifying this case as a collective action for the purposes of the FLSA claims;

   c.  For an Order finding ROC liable for violations of state and federal wage laws with respect to Plaintiffs and all Putative Class Members covered by this case;

   d.  For a Judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Plaintiffs and all Putative Class Members covered by this case;

e.  For a Judgment awarding Plaintiffs and all Putative Class Members covered by this case their costs of this action;

f.  For a Judgment awarding Plaintiffs and all Putative Class Members covered by this case their attorneys' fees;

g.  For a Judgment awarding Plaintiff and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law;

h.  For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Andrew W. Dunlap*
Michael A. Josephson
Pennsylvania Bar No. 308410
Fed. Id. 27157
Texas Bar No. 24014780
(*Pending Pro Hac Vice*)
Andrew W. Dunlap
Fed Id. 1093163
Texas Bar No. 24078444
(*Admitted  Pro Hac Vice*)
Lindsay R. Itkin
Fed Id. 1458866
Texas Bar No. 24068647
(*Pending Pro Hac Vice*)
**FIBICH, LEEBRON, COPELAND
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
adunlap@fibichlaw.com
litkin@fibichlaw.com

AND

Joshua P. Geist
PA. I.D. No. 85745
Goodrich & Geist, P.C.
3634 California Ave.

10

Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
Fed. Id. 21615
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

This First Amended Class and Collective Action Complaint was served on Defendant ROC through the Court's electronic filing system on January 20, 2015.

*/s/Andrew W. Dunlap*