UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| KIPP SMILEY AND AARON SAPP, <br> Individually and on behalf of <br> all others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br><br> ROC SERVICE COMPANY, LLC <br><br> Defendant. | § § § § § § § § § § § § § <br><br> Docket No. 2:14-cv-01539 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION <br> PURSUANT TO 29 U.S.C. § 216(b) |

## A~~MENDED PROPOSED~~ ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEY FEES, AND COSTS

The Court preliminarily approved the Parties' Joint Stipulation of Settlement and Release (the "Settlement") on April 27, 2015. ECF No. 49. In accordance with the Preliminary Approval Order, the Settlement Class has been given notice of the terms of the Settlement. In addition, members of the Pennsylvania Rule 23 Class have been given the opportunity to object to the Settlement or to exclude themselves from its provisions.

Plaintiffs now seek final approval of the Settlement. Having received and considered the Settlement, the supporting papers filed by the Parties, the application for final approval of the settlement of this class and collective action, and the evidence and argument received by the Court at the final approval hearing on September 22, 2015, the Court grants final approval of the Settlement, and HEREBY ORDERS as follows:

1. For settlement purposes only, the Court finally certifies the "FLSA Class" pursuant to Section 16(b) of the FLSA. 29 U.S.C. § 216(b). The Settlement therefore covers, and is binding on, the current and former employees of Defendant in the positions of Flowback Hands,

Operators, and Foremen, or similar titles, who returned a consent form indicating their desire to participate in this action.

2. For settlement purposes only, the Court finally certifies the following Rule 23 Class under Federal Rule of Civil Procedure 23(e), which is defined as follows:

> All Flowback Hands, Operators, and Foremen employed by Defendant from September 24, 2011 to March 9, 2015 (the date on which Defendant reclassified the affected employees as non-exempt) paid a salary plus a day rate.

3. The Court confirms the appointment of Andrew W. Dunlap of Fibich, Leebron, Copeland, Briggs, and Josephson and Richard J. Burch of Bruckner Burch PLLC, as Class Counsel pursuant to Rule 23(g) because they meet all of the requirements of Fed. R. Civ. P. 23(g). Class Counsel did substantial work identifying, investigating, prosecuting, and settling the Class Members' claims. Class Counsel have substantial experience prosecuting and settling employment class actions, particularly wage-and-hour class actions, and are well-versed in class action and wage-and-hour law.

4. The Court finally appoints Plaintiffs Kipp Smiley and Aaron Sapp as the class representatives. They possesses "the same interest[s] and suffer[ed] the same injur[ies] as the class members." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (internal quotation marks omitted).

5. The Court approved the proposed Class Notices and the Claim/Opt-In Form. The documents were distributed pursuant to the process set out in the Settlement.

6. This process provided the Class Members with the "best notice practicable under the circumstances" per the requirements of Fed. R. Civ. P. 23(c)(2)(B).

7.      No Rule 23 Class Member timely filed written objections to the Settlement as part of this notice process or stated his or her intent to appear at the final approval hearing.

8.      No individuals timely requested exclusion and therefore none are excluded from the Rule 23 Class and the Settlement.

9.      For the reasons stated in the Court's preliminary approval order, the Court finds and determines that the FLSA Class, and Rule 23 Class, as defined above, meet all of the legal requirements for collective class and class certification of a settlement class, and it is hereby ordered that these Classes are finally approved and certified as settlement classes for purposes of settlement of this action.

10.     The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each Class Member. The members of the FLSA Class who submitted consents, as well as all members of the Rule 23 Class who did not request exclusion, shall be bound by the Settlement. The Settlement is ordered finally approved, and all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

11.     The Court hereby gives final approval to the Settlement and orders that payment be made to the Settlement Class Members out of the Maximum Settlement Amount of $1,250,000.00 in accordance with the terms of the Settlement.

12.     The Court hereby grants and approves Class Counsel's request for an award of attorneys' fees in the amount of 33 and 1/3% of the Maximum Settlement Amount ($416,666.67). This award of fees, made on the basis of a percentage of the fund, is consistent with (indeed, perhaps lower than) the standard in this Circuit.

13. The Court authorizes the reimbursement of $15,000.00 of Class Counsel's costs and $6,000.00 for the fees and expenses of ILYM Group, Inc., the settlement and claims administrator.

14. The Court hereby approves an enhancement award in the amount of $7,500.00 to Plaintiff Kipp Smiley and $7,500.00 to Plaintiff Aaron Sapp.

15. Each Rule 23 Class Member who did not timely deliver an Opt Out fully releases and discharges (i) Defendant; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendant; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of an entity referenced in or encompassed by subsection (i) or (ii) hereof, from any and all wage and hour claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the facts alleged in *Kipp Smiley, et al v ROC Service Company, LLC*, C.A. 2:14-cv-01539-CRE, In the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, which means all claims for allegedly unpaid wages, overtime, liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all FLSA or other federal wage claims and claims under the Pennsylvania Minimum Wage Act (43 P.S. § 333.101 *et seq.*). This release includes any claims, which are derivative of the claims being released. *Id.* However, as expressly provided by the Settlement, Class Members do not release any claims arising from a personal

injury, including but not limited to injuries resulting from an alleged exposure to toxic substances. *Id.*

16. Further, Rule 23 Class Members who did not return either a Claim Form or an Opt Out are not members of the FLSA Class. The preclusive effect of this Settlement on any future individual FLSA claims by any such individuals will be determined by the court in which those claims are brought or transferred.

17. All FLSA Class Members who returned the Claim/Opt In Form have confirmed their consent to release any and all wage and hour claims they have or may have, including claims under the FLSA, the Pennsylvania Minimum Wage Act (43 P.S. § 333.101 *et seq.*) and any other state, federal, or local law governing the payment of wages or overtime.

18. The Court makes no finding or judgment as to the validity of any claims released under the Settlement or whether ROC Service Company, LLC is liable under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act or any other applicable law.

19. The Parties are hereby ordered to comply with the terms of the Settlement. Further, the Settlement Administrator is ordered to mail the payments to the persons who joined this Settlement within 60 days, register the unclaimed funds with the Lost Property of the state in which ROC's records show the Class Members last lived within 60 days, and provide Class Counsel its attorney fees and costs within 30 days following the entrance of this order. By the signing of this order, the Settlement Administer may collect its fee of $6,000.00 from the Qualified Settlement Fund.

20. This action and the claims alleged in the Complaints filed in this action are hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

21.     Without affecting the finality of this Final Order and Final Judgment in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement.

IT IS SO ORDERED.

Signed on ___9/22___, 2015.

_____
United States Magistrate Judge Cynthia R. Eddy